IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM CUNNINGHAM,

    Petitioner,                  No. CIV S-06-2238 FCD DAD P

    vs.

CLAUDE FINN, Warden,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a former state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging Governor Schwarzenegger's 2005 reversal of the Board of Parole Hearings' decision to grant him parole. On January 15, 2009, respondent filed an answer to the petition. On January 26, 2009, petitioner filed a traverse. This matter was then submitted for decision. However, on February 20, 2009, petitioner was released from prison after being again found suitable for parole by the Board of Parole Hearings. Pending before the court is respondent's motion to dismiss this action as moot. Petitioner has not opposed the motion.[1]

---

[1] On August 18, 2009, the court required petitioner to file an opposition to respondent's motion, explaining why this action has not been rendered moot. In the alternative, the court instructed petitioner that he could file a request to voluntarily dismiss this case. Petitioner has neither filed an opposition to respondent's motion, nor otherwise responded to the court's order.

1

## BACKGROUND

On December 7, 1981, a San Francisco County Superior Court jury convicted petitioner of, inter alia, first-degree murder with use of a firearm. The trial court sentenced petitioner to twenty-five years to life in state prison with the possibility of parole. On April 13, 2005, the Board of Parole Hearings found petitioner suitable for parole. On September 9, 2005, Governor Schwarzenegger reversed the Board's decision. (Pet. at 2 & Attachs.)

## RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss arguing that this action has been rendered moot because petitioner has been released on parole, and the Office of the Governor of the State of California has declined review of the Board's decision. Respondent contends that petitioner has now achieved everything he sought to gain through the filing of his petition. Accordingly, respondent concludes that the court should dismiss this action as moot. (Resp't's Mot. to Dismiss at 2 & Ex. A.)

## ANALYSIS

The court is unconvinced that petitioner's release on parole renders this action moot. See, e.g., McQuillon v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) ("McQullion II") (noting that the appropriate remedy was immediate release without parole supervision where petitioner's parole supervision period would have lapsed but for the constitutional violation); Thomas v. Yates, No. CIV F-05-1198 LJO JMD HC, 2009 WL 1743628 at *2-3 (E.D. Cal. June 17, 2009) (concluding that a habeas petition challenging the denial of parole was not rendered moot despite petitioner's release to a determinate term of parole because the court could afford petitioner a remedy with respect to the length of that parole term); Thompson v. Carey, No. CIV S-05-1708 GEB EFB P, 2009 WL 453053 at *4 (E.D. Cal. Feb. 23, 2009) (concluding that "petitioner is entitled to be placed in a position he would have been in had he been released [on

/////

/////

parole] on time.")[2]; Basque v. Schwartz, No. CIV S-07-0258 GEB KJM P, 2009 WL 187920 at *2-3 (E.D. Cal. Jan. 20, 2009) (denying motion to dismiss petition as moot where, if he prevailed, petitioner could obtain a reduction of the mandatory parole term by the amount of excess time spent in prison); Carlin v. Wong, No. C 06-4145 SI, 2008 WL 3183163 at *3 (N.D. Cal. Aug. 4, 2008) ("Here, petitioner is entitled to credit against his parole period for his time in confinement that was in violation of his due process rights.").

Nonetheless, the court will recommend dismissal of this action due to petitioner's failure to prosecute this case. As the United States Court of Appeals for the Ninth Circuit has explained:

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). See also, e.g., Clark v. Barnes, No. CV 08-03848 DOC (SS), 2009 WL 393775 at *3-4 (C.D. Cal. Feb. 13, 2009) (dismissing petitioner's application for writ of habeas corpus for failure to prosecute when the petitioner failed to oppose respondent's motion to dismiss).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. As noted above, on August 18, 2009, the court issued an order requiring petitioner to file an opposition to respondent's motion to dismiss

---

[2] In Thompson v. Carey, after habeas relief was initially granted, respondent filed a motion for relief from judgment informing the court that the petitioner was not subject to a five-year parole period but rather was subject to lifetime parole pursuant to California Penal Code § 3000.1. Further findings and recommendations were then issued, which the assigned district judge adopted, vacating the original judgment, again granting the habeas application, and this time directing that respondent discharge petitioner from parole within thirty days unless the Board of Parole Hearings determined that there was good cause to retain petitioner on parole. The district court reasoned that petitioner was entitled to such a determination even under the lifetime parole provision of California Penal Code § 3000.1 now in effect. Thompson v. Carey, No. CIV S-05-1708 GEB EFB P, 2009 WL 1212202 at *4-5 (E.D. Cal. May 5, 2009).

explaining why this action has not been rendered moot or to file a request to voluntarily dismiss this action. Petitioner failed to respond to the court's order in any fashion, hindering the court's ability to resolve this litigation and manage its docket. Moreover, the court explicitly instructed petitioner regarding what he needed to include in his opposition to the pending motion to dismiss and granted him ample additional time to file that opposition. Under the circumstances of this case, the court is left with no alternative but to recommend dismissal.

The third and fourth factors cited by the court in Ferdik also lean in favor of dismissal of this action. The prejudice to respondent from the pendency of a lawsuit is insufficient in itself to warrant dismissal. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). However, the risk of prejudice to the [respondent] is related to the [petitioner's] reason for defaulting. . . ." Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999). Where, as here, petitioner has offered no excuse for his failure to respond to the court's order and the pending motion to dismiss, the prejudice factor favors dismissal of this action. Id. at 991-92. Finally, to be sure, the court has a strong preference for deciding habeas corpus cases on the merits. However, petitioner's failure to comply with court's order strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which petitioner has now demonstrated little intention to diligently pursue.

Accordingly, for all of the reasons discussed above, the court will recommend that this action be dismissed for failure to prosecute.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 6, 2009 motion to dismiss (Doc. No. 15) be denied; and

2. This action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

4

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten days after service of the objections.  The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cunn2238.157

5